IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUSTIN RAMON PHILLIPS                                                                PETITIONER

v.                                    Case No. 5:16-cv-00092 JM-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                              RESPONDENT

## ORDER

Petitioner's counsel, Dana A. Reece, appeared before this Court on Tuesday, November 22, 2016, for a show cause hearing. The Court ordered Ms. Reece to appear and show cause as to why she should not be held in contempt for failure to respond to the Court's orders. The procedural history giving rise to the hearing are as follows:

On July 8, 2016, Petitioner filed a Pro Se Motion to Appoint Counsel. The Court denied that motion and directed counsel to make contact with Petitioner, by person or mail, within thirty days and provide the Court within that same time frame a response to Petitioner's allegations of lack of communication and contact to assure the Court that the contact was made. Counsel did not respond.

On October 13, 2016, well beyond the thirty days the Court granted counsel, the Court again ordered counsel to comply with the Court's July 8 order within ten (10) days or be subject to an Order to Show Cause. Counsel did not respond, and this Court gratuitously gave counsel leave until November 10, 2016. When left no recourse, the Court ordered counsel to appear before it on November 17, 2016, to show cause, if there were any, as to why she should not be held in contempt of court and sanctioned. The Court did not hear from counsel, and the phone number provided by counsel and on file with this Court is

admittedly no longer the correct phone number for counsel's office. It was not until Court staff located another phone number for counsel and made contact did it have any contact with counsel. Counsel acknowledged that she had received the Court's orders, but she failed to provide any good reason for her noncompliance.

In preparation for this matter, the Court learned through an Arkansas-licensed attorney search that counsel's license had been suspended on November 3, 2016, due to her failure to comply with continuing legal education (CLE) requirements. The day before the scheduled hearing, counsel filed a Notice of Compliance, notifying the Court that she had called Petitioner at his prison unit and gave him an update on his case. According to counsel, Petitioner advised her that he would "like to go ahead and set a trial date on his Petition for Writ of Habeas." Counsel apologized for the delay in response, indicated that it was not intentional, and requested that this court either reschedule her show cause hearing due to her previously-set court hearing in North Little Rock District Court or take the show cause hearing "off the docket completely in light of her compliance with the court's previous order on this date." In response, the Court rescheduled the hearing for November 22, 2016, and ordered counsel to provide some proof of her appearance in North Little Rock District Court.

At the hearing on November 22, 2016, counsel provided some proof that she did indeed have court in North Little Rock District Court. Counsel was appearing on her own behalf after being sued by a client; therefore, the Court's concern that counsel was practicing without a license in that instance was allayed. The Court's search of the federal case management system, CM/ECF, showed counsel as attorney of record in three additional federal cases: Case No. 4:16cv236 JM-JTK, Case No. 4:14cr250-5 JM, and Case No.

5:08cv221 BSM. Counsel has since been removed as appointed counsel in Case No. 4:16cv236 JM-JTK due to her suspension. When asked the status of her Arkansas license at the show cause hearing, counsel indicated that she was in good standing. Counsel noted that she had spoken to someone named "Rose" at the Arkansas Supreme Court, who indicated to her that she was in good standing. She also stated that she had spoken to Michael Harmon at the Arkansas Supreme Court Office of Professional Conduct and that he had not indicated to her that her license was suspended. At the close of the hearing, counsel apologized to the Court and requested that it stay any decision pending her future performance and compliance with the Court in this matter.

Following the hearing, the Court's staff verified that counsel had in fact appeared in the North Little Rock District Court as represented to the Court. The Court's staff also spoke with Michael Harmon at the Arkansas Supreme Court Office of Professional Conduct and to Dana Rowlett at the Arkansas Supreme Court Office of Professional Programs. Mr. Harmon indicated that he had spoken to counsel concerning other matters unrelated to her CLE suspension, and Ms. Rowlett noted that she had spoken to counsel who knew of her pending CLE suspension. Ms. Rowlett provided this Court with copies of the certified notices sent to all attorneys who were not in compliance with the CLE requirements by June 30, 2016. From the Office of Professional Program's records, it was determined that counsel was sent two notices to the address on file with the Arkansas Supreme Court Clerk of Court. Although the green cards for neither notice had been received back in their office yet nor had they been returned as unclaimed or undeliverable due to an incorrect address.

Based on the information obtained at the hearing and upon the results of this Court's

own investigatory findings, the Court finds that counsel failed without sufficient justification to comply with its numerous Orders. Counsel stated at the hearing that she received the Court's Orders and simply noted that she had been trying to contact Petitioner for some time but that she had been unable to do so. Counsel could have filed that information with the Court and that information would have been sufficient to assure the Court that effort was being made to comply with its Orders; however, instead counsel chose not to communicate with the Court. It is the Court's experience that most counsel— after receiving even the first notice from a Court that something may be awry—would have made some effort to contact the Court. After entering several Orders without a response from counsel, the Court genuinely became concerned about counsel's well-being only later to discover that its concern was for naught.

The Court finds Ms. Reece's failure to comply with its Orders a gross violation of the practice expected of counsel admitted to practice before this Court. Nonetheless, the Court will not hold Ms. Reece in contempt and sanction her although her conduct may so warrant. Notwithstanding, the Court is of the opinion that Ms. Reece's behavior is in violation of the Arkansas Rules of Professional Conduct, as her lack of candor, diligence and communication with her client and with this Court caused the unnecessary expenditure of Court resources. Therefore, the Court will refer this matter to the Arkansas Supreme Court Office of Professional Conduct for whatever action it may deem appropriate.

SO ORDERED this 30th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE