IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUSTIN RAMON PHILLIPS                                                                          PETITIONER

V.                                    CASE NO. 5:16-CV-092-JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons that follow, it is recommended that the Petition for Writ of Habeas Corpus (DE #2) be DISMISSED with prejudice.

## Procedural History

On February 29, 2008, a Pulaski County Circuit Court, accepted Petitioner, Justin Ramon Phillips's guilty plea in Case No. 2006-3473, on the charges of kidnapping and rape. The court sentenced Petitioner to 396 months in the Arkansas Department of Correction. The court also revoked Petitioner's probation in Case No. 2002-2124, and Petitioner received 120 months incarceration to run consecutive to the 396 month sentence. (DE ## 8-2 and 8-3) Pursuant to Rule 1(a) of the Arkansas Rules of Appellate Procedure—Criminal, Petitioner was not entitled to challenge the validity of his guilty plea in a direct appeal. Petitioner

admits he did not seek post-conviction relief, pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure, due to "mental ilness." (DE #1, at p.2) Arkansas law requires a Rule 37 petition be filed within ninety (90) days of the entry of judgment. There are no non-futile state remedies available to the Petitioner.

On March 23, 2016, Petitioner's counsel filed a Petition for Writ of Habeas Corpus (DE #1), pursuant to 28 U.S.C. § 2254, claiming:

1. Ineffective assistance of trial counsel for allowing Petitioner to enter a guilty plea when, at the time of the plea, Petitioner was mentally incompetent and taking medication that affected his ability to adequately and fully understand the consequences of his decision to plead guilty.

2. Ineffective assistance of counsel due to counsel's failure to challenge the issue of Petitioner's competency following the plea hearing when the medical records of the psychiatric staff at the Pulaski County Detention Center clearly stated that Petitioner was suffering from mental issues and taking additional medication that was not disclosed to the Court at the plea hearing.

3. Due process violations by the sentencing court for taking Petitioner's guilty plea without further exploration, having known of Petitioner's mental illness history.

Respondent filed her response on May 12, 2016, admitting that the Petitioner is in her custody and there are currently no non-futile state court remedies available to him. Respondent denies, however, that Petitioner is entitled to a hearing in this court or to habeas corpus relief.

Discussion

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Arkansas, a criminal defendant has no right to appeal from a guilty plea, except for an appeal from a conditional guilty plea based on the denial of a suppression motion. Ark. R. App. P. – Criminal 1 (a). There are two exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is an appeal of a post-trial motion challenging the validity and legality of the sentence itself. *See Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185, 186 (2005) (per curiam). Petitioner did not enter a conditional plea and neither exception applies. In *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015), the Eighth Circuit determined that the critical date for finality of a state-court conviction is the expiration of the state's filing deadline. In Arkansas, the time for seeking review of a state-court order or judgment is thirty (30) days. Rule 2, Rules of the Arkansas Supreme Court and Court of Appeals.

Petitioner's state judgment and commitment order was entered on March 11, 2008, and his time to see direct review expired thirty (30) days later on April 10, 2008. Therefore, excluding any periods during which the statute of limitations may have been tolled, Petitioner had until April 10, 2009, to file his federal habeas petition. Petitioner filed his petition on March 23, 2016. Because Petitioner admits he did not seek post-conviction relief, there was no necessary tolling of the one-year statute of limitations, and the petition is barred by the

4

statute of limitations. There is no indication that any of the statutory exceptions to the one-year period of limitation would apply to Petitioner's claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

Petitioner's claims are also procedurally defaulted. Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to the appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in the state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, the petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies,

but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing O'Sullivan, 526 U.S. at 848).

The doctrine barring procedurally defaulted claims is not without exception. Under *Martinez*, Petitioner may establish cause to excuse default of some of his ineffective assistance of counsel claims if he lacked appointed counsel during the initial-review collateral proceeding. To utilize this exception, however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. This exception only applies to ineffective assistance of trial counsel claims, and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782, March 10, 2015).

Here, Petitioner notably does not argue that his mental illness and the effects of his medications established cause and an excuse for procedural default. Moreover, Petitioner cannot establish cause to excuse procedural default of his due process claims because *Martinez* only applies to ineffective assistance of counsel claims. Further, *Martinez* does not apply to Petitioner's ineffective assistance of counsel claims here because he never sought Rule 37 relief. The equitable principles in *Martinez* only apply when a State fails to appoint counsel after a petitioner has properly initiated collateral review proceedings to challenge his counsel's performance. *See Martinez*, 132 S.Ct. at 1314.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provide a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 11th day of December, 2018.

                                                                                     _____

                                                                 UNITED STATES MAGISTRATE JUDGE